IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-434-CV





LAND-TEX TITLE COMPANY, INC. AND BRUCE BOYER, INDIVIDUALLY,



 APPELLANTS


vs.





LINDA BATEY,



 APPELLEE



 




FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT



NO. 88-424 A, HONORABLE RALPH W. CATON, JUDGE PRESIDING



 




 Land-Tex Title Company and Bruce Boyer, individually, (1) seek reversal of a
trial-court judgment rendered on the jury's verdict in Linda Batey's common-law action for
conversion and her statutory action under the Deceptive Trade Practices-Consumer Protection
Act. Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (West 1987 & Supp. 1993) ("DTPA"). We
will affirm the judgment in part and reverse and render judgment in part.



THE CONTROVERSY

 Linda Batey began employment with Land-Tex Title Company in July of 1986. 
One of the terms of the employment agreement was that Land-Tex would, at its own expense,
provide Batey with medical-insurance coverage. Land-Tex fulfilled this agreement. On July 24,
1987, Batey gave birth to a daughter, and the following September requested medical-insurance
coverage for the baby. Linda Anderson, the office manager at Land-Tex, informed Batey that the
cost of covering the baby under the policy would be $44.00 per month, which amount would be
deducted from Batey's paycheck. Batey agreed. 

 Linda Anderson testified at trial that in October of 1987, she learned that the
insurance company providing medical coverage to Land-Tex employees intended to increase its
premium substantially. She consulted with Larry Kunkel, a stockholder and director of Land-Tex. 
He instructed her to allow the current policy to expire, stating that he had already applied for
coverage with a different insurance company. Effective in either November or December 1987,
the insurance company that had provided coverage for Land-Tex employees cancelled the policy
for nonpayment of premium. 

 In January 1988, Anderson informed Batey that Land-Tex had found a better
health-insurance company, and that Batey should fill out a new application. She did so, and Land-Tex began deducting $44.00 per month from Batey's pay. Over the next few months Anderson
continued to deduct premiums for dependent coverage, while waiting for the new insurance
company to approve the Land-Tex application. Kunkel advised Anderson that if the premiums
charged by the new insurance company proved to be less than the amount deducted from the
employees' salaries, Land-Tex would refund the difference to them. 

 In April, Kunkel informed Anderson that the new company had declined to cover
the Land-Tex employees. Sometime in May, Anderson applied to Texas Land Title Association
for employee health insurance. Texas Land Title agreed to provide medical insurance for Land-Tex employees effective June 1, 1988. 

 Batey became aware of the situation on June 1, 1988, when Anderson advised her
that neither Batey nor her daughter had had medical-insurance coverage since the previous
January. Batey resigned from Land-Tex on June 3, 1988. Shortly thereafter, she demanded that
Land-Tex pay her the money that had been deducted from her salary. Land-Tex paid Batey the
entire amount.

 Batey filed suit against Land-Tex, alleging that it had violated the DTPA and
converted her money. The trial court rendered summary judgment against Batey on the DTPA
claims, and Batey appealed. The appellate court reversed the summary judgment and remanded
the cause for trial. Batey v. Land-Tex Title Co., Inc., No. 6-90-045-CV (Tex. App.--Texarkana
July 2, 1991, no writ) (not designated for publication). Based on the jury's verdict, the trial court
rendered judgment against Land-Tex on the DTPA and conversion claims.



DISCUSSION AND HOLDINGS


 A party must be a consumer in order to recover treble damages and attorney's fees
under section 17.50(a) of the DTPA. Flenniken v. Longview Bank & Trust Co., 661 S.W.2d 705,
706 (Tex. 1983). Land-Tex contends in its first and second points of error that Batey may not
recover under the DTPA because she is not a "consumer" as defined in section 17.45(4) of the
DTPA. Batey asserts that the appellate-court decision in 1991 established that she was a
consumer, and that decision had become the law of the case. We disagree with Batey's theory.

 The law of the case holds that appellate-court determinations regarding questions
of law govern the case throughout its subsequent stages. Hudson v. Wakefield, 711 S.W.2d 628,
630 (Tex. 1986); Texas Employers' Ins. Ass'n v. Borum, 834 S.W.2d 395, 398 (Tex. App.--San
Antonio 1992, writ denied). This principle applies solely to questions of law, not to questions of
fact. Hudson, 711 S.W.2d at 630. Whether a party is a consumer is a question of law
determinable from facts established. HOW Ins. Co. v. Patriot Fin. Servs. of Tex., Inc., 786
S.W.2d 533, 539 (Tex. App.--Austin 1990, writ denied). 

 The court of appeals did not determine that Batey was a consumer as a matter of
law. Rather, in reversing the summary judgment the court stated: "Since the summary judgment
proof raises a genuine issue of fact concerning Batey's status as a consumer under the DTPA,
summary judgment was improper." Batey, slip op. at 8 (emphasis added). This statement simply
means that the facts necessary to determine whether Batey was a consumer were not established
as a matter of law. Since the Texarkana court did not determine that issue as a matter of law, the
law of the case doctrine does not apply, and we may decide the issue. 

 The DTPA defines "consumer" as follows: "[A]n individual, partnership,
corporation, this state or a subdivision or agency of this state who seeks or acquires by purchase
or lease, any goods or services . . . ." DTPA § 17.45(4). Insurance policies qualify as a
"service" as defined in section 17.45(2) of the DTPA. HOW Ins. Co., 786 S.W.2d at 539 (citing
McCrann v. Klaneckey, 667 S.W.2d 924, 927 (Tex. App.--Corpus Christi 1984, no writ)). There
are two requirements for consumer status: (1) the party must have sought or acquired goods or
services by purchase or lease; and (2) the goods or services purchased or leased must form the
basis of the complaint. Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 539 (Tex. 1981). 
If both requirements are not met, the injured party must find a remedy elsewhere. Id. Land-Tex
asserts that Batey failed to meet the two requirements.

 An employee such as Batey may be a consumer based on an employer's acquisition
of goods or services on her behalf. See Kennedy v. Sale, 689 S.W.2d 890 (Tex. 1985). In
Kennedy, the Texas Supreme Court held that Kennedy was a consumer with respect to the
insurance agent from whom his employer purchased his health insurance. Id. Thus, a party does
not have to be the immediate purchaser of goods or services in order to attain consumer status. 
Id. Land-Tex acknowledges this, but argues that in such situations an employee does not qualify
as a consumer in relation to the employer, but only in relation to the third party with whom the
employer has negotiated for goods and services on the employee's behalf. We disagree. 

 The definition of "consumer" in section 17.45(4) describes the class of persons who
may bring suit under the DTPA; it does not indicate who is subject to liability. Flenniken, 661
at 706; Cameron, 618 S.W.2d at 541. Furthermore, consumer status is determined by a party's
relationship to the transaction, not by his relationship to the defendant. Flenniken, 661 S.W.2d
at 707. The only requirement is that the consumer's complaint be based on the goods or services
sought or acquired. Id. Thus the question of whether Land-Tex is a proper defendant is separate
from the issue of Batey's consumer status. 

 Batey fulfills both of the requirements for consumer status. She was seeking to
purchase medical insurance. Additionally, the services sought form the basis of her complaint. 
Batey contracted and paid for insurance, and as a result of the Land-Tex misrepresentations, she
erroneously believed that she and her daughter were covered. It is irrelevant to the issue of
Batey's consumer status that Land-Tex was at fault, as opposed to some third party that had
contracted with Land-Tex. 

 Land-Tex also contends that, since it was not in the business of selling medical
insurance and had to seek and obtain coverage for its employees from an outside source, no
relationship existed between itself and Batey as insurer and insured. This is, of course, true. 
However, it is not required that the defendant furnish goods or services to the plaintiff; it is only
required that the goods or services form the basis of the plaintiff's complaint. Cameron, 618
S.W.2d at 541. 

 The substance of the Land-Tex argument appears to be that it is not a proper
defendant in this suit. The Texas Supreme Court has stated that in a DTPA action the only
limitations on the class of possible defendants are the exemptions in section 17.49. Flenniken, 661
S.W.2d at 706; see also DTPA § 17.49(a)-(b) (exempting from liability members of advertising
media in certain situations, and acts authorized by the Federal Trade Commission). The court
further noted that section 17.50(a)(3) permits a consumer to bring suit "if he has been adversely
affected by . . . any unconscionable action or course of action by any person." Id. at 706 (quoting
DTPA § 17.50(a)(3)) (emphasis in the original). The jury found that Batey was adversely
affected by Land-Tex's actions in the transaction and that its conduct was unconscionable. Thus
Land-Tex is subject to liability under the DTPA. We overrule appellants' first and second points
of error. 

 In its third and fourth points of error, Land-Tex contends there was no evidence
to support the jury's verdict that it had converted Batey's money. The jury found that Land-Tex
"converted" the money that it should have paid each month for medical insurance for Batey and
her daughter. Batey testified at trial that the cost of her own medical-insurance coverage was
$65.00 per month. Land-Tex did pay this amount to the insurer until the policy expired sometime
in November or December of 1987, for nonpayment of premium. After the policy expired, Batey
was without coverage for six months. Land-Tex argues that, since the money that should have
been paid for Batey's policy during this time was not deducted from her paycheck, she neither
owned it nor had a right to possession. Batey's money, therefore, was not subject to conversion. 
We agree.

 Conversion is the wrongful exercise of dominion and control by one person over
the property of another. Waisath v. Lack's Stores, Inc., 474 S.W.2d 444, 446 (Tex. 1971). In
order to establish conversion, the plaintiff must either own or have a right to possess the property
in question. Anchor Mortgage Servs., Inc. v. Poole, 738 S.W.2d 68, 69 (Tex. App.--Fort Worth
1987, writ denied). In the present case, Batey had a contractual right to health-insurance
coverage. She did not own or have a right to possess the monthly premium that Land-Tex was
obliged to pay on her behalf. Bruce Boyer, the president of Land-Tex, testified without
contradiction that those employees who declined medical insurance did not receive extra salary
in lieu of coverage. Batey may have had a cause of action for breach of contract, but she cannot
recover on a conversion theory. We sustain appellants' third point of error.

 Land-Tex also deducted $44.00 per month from Batey's salary to pay for her
daughter's coverage with Batey's consent. Land-Tex contends that its action in deducting $44.00
per month for dependent coverage was lawful at the outset and, therefore, conversion could have
only occurred if Batey's demand for the return of the money had been refused. Since Land-Tex
returned the money upon demand, it argues, Batey cannot maintain an action for conversion. 

 Money is subject to conversion only when the bills, notes, or other medium can
be described or identified as specific chattels. Wheat v. American Title Ins. Co., 751 S.W.2d 943,
944 n.1 (Tex. App.--Houston [1st Dist.] 1988, no writ); Gronberg v. York, 568 S.W.2d 139, 144
(Tex. Civ. App.--Tyler 1978, writ ref'd n.r.e.). There can be no claim for conversion with respect
to an indebtedness that may be discharged by the payment of money generally. See, e.g.,
Gronberg, 568 S.W.2d at 144 (holding that money withheld each month from appellee's
commissions to fund pension plan was not subject to conversion because appellee did not seek
return of specific money, but rather repayment of money generally). As to the amounts that had
been withheld for her daughter's insurance, Batey sought the repayment of money generally and
did receive all the money that had been deducted from her pay. We sustain appellants' fourth
point of error. 

 In light of our disposition of appellants' points of error one through four, we need
not address points five and six concerning Batey's right to recover attorney fees under the DTPA
and the trial court's calculation of damages against Land-Tex for conversion. We observe that
the evidence does not segregate attorney's fees between the statutory cause of action under the
DTPA and the common-law cause of action for conversion. However, since Land-Tex raised no
complaint regarding the amount of the attorney-fee award, we do not address the issue. Batey has moved for damages pursuant to rule 84 of the Texas Rules of Appellate
Procedure, alleging that Land-Tex has taken this appeal for the purpose of delay and without
sufficient cause. We overrule the motion. We reverse that part of the trial-court judgment
awarding Batey recovery on her conversion claim, and render judgment that Batey take nothing. 
The remainder of the judgment is affirmed.



 

 John Powers, Justice

Before Justices Powers, Jones and Kidd

Affirmed in Part; Reversed and Rendered in Part

Filed: October 20, 1993

Do Not Publish
1. Boyer is the president of Land-Tex Title Company. The trial court rendered judgment
solely against Land-Tex on the DTPA claim. The court rendered judgment jointly and
severally against Land-Tex and Boyer on the conversion claim and for costs. For
convenience, we shall refer to both appellants as "Land-Tex."