*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-11-00016-CV

**DODEKA, L.L.C.**,
Appellant

v.

Maria **GARCIA**,
Appellee

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 09-09-27,250-CV
Honorable Mickey R. Pennington, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Catherine Stone, Chief Justice
    Phylis J. Speedlin, Justice
    Marialyn Barnard, Justice

Delivered and Filed:    October 12, 2011

REVERSED AND RENDERED

Dodeka, L.L.C. appeals the trial court's judgment rendered in favor of Maria Garcia in her action against Dodeka under the Deceptive Trade Practices Act ("DTPA"). *See* TEX. BUS. & COM. CODE ANN. § 17.45(4) (West 2011). Because we conclude that Garcia does not qualify as a consumer under the statute, we reverse and render a take-nothing judgment in favor of Dodeka.

## FACTUAL AND PROCEDURAL BACKGROUND

This case stems from two earlier lawsuits and efforts by Dodeka to collect a credit card debt from the wrong person. Several undisputed findings of fact by the trial court help clarify the underlying basis of the instant suit:

- On January 29, 2009, [Dodeka] sued [Garcia] on the debt in Justice Court of Uvalde County, Texas . . . ;
- [Garcia] had to retain the services of an attorney to answer the lawsuit and respond to the discovery requests;
- During this discovery it was established that the debt in question had been incurred by a person with a social security number that did not match the social security number of [Garcia] and that [Garcia] did not owe the debt;
- On May 22, 2009, [Dodeka] nonsuited its lawsuit against [Garcia];
- On June 22, 2009, an attorney representing [Dodeka] wrote a letter to [Garcia] demanding payment for the same debt;
- On July 17, 2009, [Garcia] through her attorney responded to [Dodeka] stating that [Garcia] did not owe the debt and that they should stop harassing her;
- On September 1, 2009 [Dodeka] sued [Garcia] again in the Justice Court of Uvalde County, Texas . . . ;
- [Garcia] was required to retain the services of an attorney to respond to this lawsuit and answer the discovery requests; and
- When the lawsuit of September 1, 2009 was called for trial [Dodeka] never bothered to appear and the case was dismissed.

Garcia subsequently sued Dodeka, claiming Dodeka committed a false, misleading, or deceptive act or practice when it "[m]isrepresented the authority of its attorney by dismissing the first lawsuit and filing another lawsuit against [Garcia]." *See* TEX. BUS. & COM. CODE ANN. § 17.50(a) (West 2011). Garcia further alleged she was entitled to recovery under the DTPA "tie-

in" statute for violations of the Texas Debt Collection Act and the federal Fair Debt Collection Practices Act. *See id.* § 17.50(h) (West 2011). In a bench trial, Garcia testified that she never borrowed or attempted to borrow money from Dodeka and was confused by Dodeka's demand letters and suits for a debt she did not owe. Garcia further testified she developed anxiety and nervousness as a result of Dodeka's attempt to collect the debt. Garcia's daughter testified that Garcia worried about the collection efforts and that Dodeka's action had damaged her mother's credit. At the conclusion of the evidence, Dodeka moved for a directed verdict on the basis that Garcia did not establish her status as a consumer. The trial court denied Dodeka's motion and concluded that Garcia was a consumer. The court further concluded that Dodeka knowingly violated the DTPA by attempting to collect a debt it knew Garcia did not owe, and that Dodeka had also violated the Texas Debt Collection Act and the Federal Fair Debt Collection Practices Act. Garcia was awarded $15,000 in actual and/or economic damages and $15,000 in attorney's fees. This appeal followed.

## STANDARD OF REVIEW

The DTPA protects a consumer from false, misleading, or deceptive acts or practices, from an unconscionable action or course of action by any person, and from the breach of an implied or express warranty in the conduct of any trade or commerce that is the producing cause of actual damage. *Id*. §§ 17.46(a), 17.50(a)(1), (2), (3) (West 2011). Within the DTPA, "consumer" is defined as "an individual, partnership, [or] corporation . . . who seeks or acquires by purchase or lease, any goods or services." *Id.* § 17.45(4). Determining consumer status is generally a question of law for the court to decide. *Bohls v. Oakes*, 75 S.W.3d 473, 479 (Tex. App.—San Antonio 2002, pet. denied). We review de novo the trial court's determination that Garcia was a consumer under the DTPA. *Id.*

**ANALYSIS**

In order to qualify as a consumer and thus have standing to sue under the DTPA, a plaintiff must show that (1) she sought or acquired goods or services by purchase or lease, and (2) that the goods or services purchased or leased form the basis of her suit. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 650 (Tex. 1996). The person need not have actually acquired the services or goods—merely seeking to acquire services or goods is sufficient to establish consumer status; money does not need to change hands. *Bohls*, 75 S.W.3d at 479. Moreover, the plaintiff need not herself be the one who purchases or leases the goods or services to be a consumer. *Kennedy v. Sale*, 689 S.W.2d 890, 892–93 (Tex. 1985). Rather, a plaintiff establishes consumer standing by her relationship to the transaction, not by contractual relationship to the defendant. *Id.* Thus, privity between a plaintiff and defendant is not a dispositive factor in evaluating the plaintiff's consumer status under the DTPA. *Amstadt*, 919 S.W.2d at 649. Nevertheless, seeking or acquiring some good or service must be at the core of the plaintiff's and defendant's relationship. *Kennedy*, 689 S.W.2d at 892–93.

Dodeka argues that Garcia was not a consumer under the DTPA and asserts that Garcia did not "seek or acquire" anything from Dodeka. Garcia responds that she was a consumer because she was a credit card customer, which is the type of debt Dodeka attempted to collect from her. We agree with Dodeka. The facts are undisputed that Garcia never purchased, sought, leased, or acquired anything from Dodeka. In fact, the basis of Garcia's entire defense in the two underlying debt collection lawsuits is that she had no relationship to Dodeka. Accordingly, Garcia was not a consumer and cannot recover under the DTPA. *See Lukasik v. San Antonio Blue Haven Pools, Inc.*, 21 S.W.3d 394, 401 (Tex. App.—San Antonio 2000, no pet.).

A plaintiff may also bring a cause of action under the DTPA if granted that right by another law.  TEX. BUS. & COM. CODE ANN. § 17.50(h).  Here, Garcia pleaded that she was entitled to recover under the DTPA for Dodeka's violations of the Texas Finance Code[1] and the federal Fair Debt Collection Practices Act.[2]  However, the DTPA "tie-in" statute does not exempt a plaintiff from proving consumer status.  *Id.*; *Hansberger v. EMC Mortg. Corp.*, No. 04-08-00438-CV, 2009 WL 2264996, at *2 (Tex. App.—San Antonio July 29, 2009, pet. denied) (mem. op.) (holding that a plaintiff who pleaded causes of action under the DTPA for six "tie-in" statute violations, including Texas Finance Code chapter 392, did not satisfy the DTPA consumer status requirement and was therefore not entitled to judgment as a matter of law); *Mendoza v. Am. Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.—San Antonio 1996, no writ).  Accordingly, Garcia's causes of action under the DTPA "tie-in" provision necessarily fail because she did not establish her consumer status under the DTPA.

## CONCLUSION

Because the issue of consumer status under the DTPA is dispositive, we need not address Dodeka's remaining issues.  For the reasons stated above, we reverse the trial court's judgment and render a take-nothing judgment in favor of Dodeka.

Phylis J. Speedlin, Justice

---

[1] Texas Finance Code chapter 392 states, in relevant part, "[a] violation of this chapter is a deceptive trade practice under [the DTPA], and is actionable under [the DTPA]."  TEX. FIN. CODE ANN. § 392.404(a) (West 2006).

[2] We find nothing in the Fair Debt Collection Practices Act that specifically grants a plaintiff the right to bring a cause of action under a state's deceptive trade practices laws, and Garcia does not cite us to any such authority. *See* 15 U.S.C. §§ 1692–1692p.