Raymond J. IRIZARRY, Appellant,

v.

AMARILLO PANTEX FEDERAL CREDIT UNION, Appellee.

No. 07–84–0143–CV.

Court of Appeals of Texas, Amarillo.

Aug. 6, 1985.

Robert E. Barfield, Amarillo, for appellant.

Mark D. White, Culton, Morgan, Britain & White, Amarillo, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This is a Deceptive Trade Practices-Consumer Protection Act suit, Tex.Bus. & Com.Code Ann. §§ 17.41 *et seq.* (Vernon Supp.1978)[1] in which the trial court granted summary judgment for the defendant, appellee Amarillo Pantex Federal Credit Union. The primary question is whether the Credit Union conclusively proved that appellant Raymond J. Irizarry, plaintiff below, was not a consumer under the Act. We reverse and remand.

Irizarry purchased a car in 1978, and borrowed money from the Credit Union to pay for it. He alleges, and swears by affidavit, that he borrowed the money from the Credit Union because it represented to him that the loan would be paid by an insurance policy carried by the Credit Union if Irizarry died or became disabled. He discovered, however, after becoming disabled while still owing $2,443.29 on the loan, that the policy did not cover him. He then sued the Credit Union, alleging that its representations violated section 17.-46(b)(12) of the Act.[2]

After answering and participating in various pre-trial proceedings, the Credit Union moved for summary judgment, contending Irizarry was not, as a matter of law, a consumer under the Act. The trial court agreed, and this appeal followed. Irizarry attacks the judgment by three points of error that focus on the consumer question.

Section 17.50 grants a cause of action to a consumer who is damaged by the events listed in section 17.46(b). As pertinent here, a consumer is defined by section 17.-45(4) as "an individual ... who seeks or acquires by purchase or lease, any goods or services...." The meaning of goods and services has been the subject of frequent litigation. In its 1980 decision in *Riverside Nat. Bank v. Lewis*, 603 S.W.2d 169 (Tex. 1980), upon which the Credit Union relies, the Supreme Court appeared to exempt lenders from the Act, holding that a person who seeks to borrow money in order to refinance a loan on his car is not a consumer because the transaction does not involve the acquiring of a good or service. However, as explained in *La Sara Grain v. First Nat. Bank of Mercedes*, 673 S.W.2d 558, 566 (Tex.1984), subsequent decisions have limited *Riverside* to its facts, *i.e.*, the extension of credit unrelated to a specific acquisition. In *Knight v. Intern. Harvester Credit Corp.*, 627 S.W.2d 382, 389 (Tex. 1982) and in *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 707 (Tex. 1983), the Supreme Court concluded that the borrowers were consumers because the loans in question were used for the purchase of a truck (*Knight*) and a house (*Flenniken*), items clearly fitting within the "goods" category. In *La Sara* the Supreme Court summarized its holdings in *Knight* and *Flenniken* by stating that a borrower may be a consumer, thus subjecting a lender to the Act, if the borrower's objective in borrowing the money is the purchase or lease of a good or service. *La Sara, supra* at 567.

The foregoing cases forecast the result we must reach here. Irizarry sought the loan in question in order to purchase a car. Thus, under *Knight* and *Flenniken*, he

1. Hereafter referred to as the Act, or by section number. Because the events in question occurred in 1978, we have applied the Act as it read at that time. *Riverside Nat. Bank v. Lewis,* 603 S.W.2d 169, 172 (Tex.1980).

2. Section 17.46(b)(12) condemns representations "that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law."

was acquiring a "good or service" with the loan and must be treated as a consumer.

In addition to its reliance on *Riverside,* the Credit Union argues that Irizarry cannot be a consumer because he paid no consideration for the insurance. That contention is foreclosed, however, by the recent decision of the Supreme Court in *Kennedy v. Sale,* 689 S.W.2d 890 (Tex.1985), in which the court held that a consumer need not also be a purchaser. Quoting from *Flenniken,* the court pointed out that a plaintiff establishes his standing as a consumer by his relationship to a transaction, not by a contractual relationship with the defendant. "The only requirement is that the goods or services sought or acquired by the consumer form the basis of his complaint." *Kennedy,* quoting *Flenniken, supra* at 893. Certainly here the insurance coverage in question was, under Irizarry's summary judgment proof, part of what he sought in the loan transaction and its absence is the basis of his complaint.

For the foregoing reasons, and because we discern from the summary judgment affidavits that the facts material to this case are disputed, we must sustain Irizarry's three points of error and remand the case. We express no opinion, of course, on the merits of the case. We hold only that, under the summary judgment proof before us, the Credit Union did not carry its burden, *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979), of establishing, as a matter of law, that Irizarry was not a consumer under the Act.

The judgment is reversed and the case is remanded to the trial court.