Carole MEGASON, Appellant,

v.

**RED RIVER EMPLOYEES FEDERAL
CREDIT UNION, Appellee.**

No. 06–93–00005–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 23, 1993.

Decided Dec. 7, 1993.

Rehearing Overruled Jan. 4, 1994.

Mark Lesher, Texarkana, for appellant.

Gregory P. Grajczyk, Harbour, Kenley, Boyland, Smith, Longview, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Carole Megason appeals from a take-nothing summary judgment rendered on her

counterclaim against Red River Employees Federal Credit Union for violations of the Deceptive Trade Practices Act.[1] Red River sued Megason to recover the balance due on a renewal note. Megason counterclaimed alleging that she secured loans from Red River to purchase a car and that, in foreclosing its security interest on the car, Red River falsely represented that it would not sell the car for less than $6,000.00. Red River moved for summary judgment, mainly on the ground that Megason did not qualify as a consumer as defined in Section 17.45 of the DTPA. The trial court granted Red River's motion. Because we conclude that the summary judgment evidence shows Megason to be a consumer within the meaning of the Act and that the goods she purchased formed the basis of her complaint, we will reverse the judgment as to the DTPA claim.

Summary judgment evidence, consisting mainly of attachments to Red River's motion, shows the following: On March 11, 1985, Megason and her son, as coapplicants, obtained a loan from Red River to purchase a Chevrolet Camaro automobile. When the loan payments were not timely made, Red River foreclosed its security interest and ultimately sold the automobile for $5,992.93. After the sale, Megason obtained another loan from Red River to cover the deficiency remaining on the March 11, 1985 loan. On December 30, 1986, she obtained another loan from Red River to purchase a Ford LTD automobile. On March 4, 1988, Megason signed another loan agreement with Red River combining her two outstanding loans into a new one. On July 25, 1988, she renewed and extended the loan of March 4, 1988. Red River brought its suit on the last note.

To successfully prosecute a DTPA action, the plaintiff must be a consumer as defined in Section 17.45,[2] and the goods or services acquired or sought in the transaction must form the basis of the plaintiff's complaint. *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535 (Tex.1981). Red River contended in its motion for summary judgment and contends on appeal that, since Megason sought only the extension of credit from Red River, she does not qualify as a consumer and that, even if she can be considered a consumer, the goods or services she sought do not form the basis of her complaint. The trial court apparently agreed.[3]

Red River relies on the case of *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169 (Tex.1980), where the Supreme Court held that money is not a "good," and that one simply seeking a loan of money was not a consumer within the meaning of the DTPA. Since that ruling, however, our Supreme Court has made it clear that the rule applied in *Riverside* is limited to transactions where the borrower seeks *only* the extension of credit and nothing more. If the borrower's objective in seeking the loan is the purchase or lease of a good or service, the borrower is a consumer as to all parties involved in the transaction. *LaSara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558 (Tex.1984); *Flenniken v. Longview Bank and Trust Co.,* 661 S.W.2d 705 (Tex.1983); *Knight v. International Harvester Credit Corp.,* 627 S.W.2d 382 (Tex.1982); *Security Bank v. Dalton,* 803 S.W.2d 443 (Tex.App.—Fort Worth 1991, writ denied); *Irizarry v. Amarillo Pantex Federal Credit Union,* 695 S.W.2d 91 (Tex.App.—Amarillo 1985, no writ); *see also* Joel W. Reese, Note, 23 TEX. TECH.L.REV. 593 (1992); Richard M. Alderman & Melanie P. Rosenthal, *A Consumer Update: Recent Developments Under the Texas Deceptive Trade Practices Act,* 20 ST. MARY'S L.J. 495, 498 (1989). It is not neces-

1. TEX.BUS. & COM.CODE ANN. § 17.41, et seq. (Vernon 1987 & Supp.1993).

2. "Consumer" means an individual, partnership, corporation, this state, or a subdivision or agency of this state who seeks or acquires by purchase or lease, any goods or services, except that the term does not include a business consumer that has assets of $25 million or more, or that is owned or controlled by a corporation or entity with assets of $25 million or more.

TEX.BUS. & COM.CODE ANN. § 17.45(4) (Vernon 1987).

3. The judgment on the counterclaim does not state its bases.

sary that the plaintiff seek or acquire goods or services from the *defendant. Cameron v. Terrell & Garrett, Inc., supra.*

The summary judgment evidence here conclusively shows that Megason and her son obtained the financing from Red River to purchase an automobile. She is thus a consumer within the meaning of the DTPA as to that transaction.

■ Red River argues that the lender and the furnisher of goods must be inextricably intertwined in the transaction for a borrower to qualify as a consumer. There was such a "tie-in" in *Flenniken* and *Knight,* but we conclude, based on other decisions such as *Irizarry,* as well as the explicit language of the Supreme Court in *LaSara Grain Co., Flenniken,* and *Knight,* that a tie-in relationship is not an essential element for consumer status, but is merely evidentiary on the question of joint liability for a DTPA violation. *See Knowlton v. United States Brass Corp.,* 864 S.W.2d 585 (Tex.App.—Houston [1st Dist.] 1993, n.w.h.).

■ The goods sought to be acquired must form the basis of the complaint for a consumer to prevail in a DTPA action. The summary judgment evidence here establishes that Megason's complaint is that Red River sold the repossessed automobile for less than the amount agreed. Thus, her complaint relates directly to the good sought and brings her counterclaim within the provisions of the DTPA. It is not necessary that the complaint be based on a defect, condition, or inadequacy of the good itself. *See Irizarry v. Amarillo Pantex Federal Credit Union, supra.*

· Megason did not contradict Red River's summary judgment motion or evidence as to the original action to recover on the loan agreement. Consequently, the judgment of the trial court allowing Red River's recovery there is affirmed. The summary judgment against Megason on her DTPA counterclaim is reversed and the cause is remanded to the trial court for trial on the merits.