Francis **KENNEDY**, Petitioner,

v.

J. Woodford **SALE**, Respondent.

No. C–3767.

Supreme Court of Texas.

April 24, 1985.

Rehearing Denied June 5, 1985.

Bancroft & Mouton, Drew Mouton, Big Spring, for petitioner.

Freeman, Hyde & Martin, John G. Hude, Midland, for respondent.

ROBERTSON, Justice.

■ This cause involves the definition of "consumer" under the Texas Deceptive Trade Practice-Consumer Protection Act ("DTPA"). Tex.Bus. & Comm.Code Ann. § 17.45(4) (Vernon Supp.1985). The question presented is whether an employee complaining of misrepresentations of the provisions of a group insurance policy is a "consumer," though the employer alone purchased the policy. The court of appeals held that the employee was not a consumer. 679 S.W.2d 733. We reverse the judgment of the court of appeals and affirm that of the trial court.

Francis Kennedy was an employee of the Martin County Hospital District. The Board of Managers of the hospital district decided to change group insurance carriers, from Blue Cross/Blue Shield to Southwest Medical Corporation Trust. J. Woodford Sale was the insurance agent.

After the policy was accepted, but before it went into effect, Sale met with hospital employees to explain the new provisions and benefits, as well as to collect signed enrollment cards from each employee. Kennedy and other employees testified that at this meeting Sale misrepresented the preexisting condition coverage, claiming that the policy offered full coverage without qualification, when in fact the policy provided only $4000 maximum coverage during the first year. Kennedy also testified that had he been correctly informed, he would have enrolled under his wife's group plan, which provided full coverage.

Shortly thereafter, Kennedy underwent surgery for a preexisting condition. The policy paid $4,000; Kennedy brought suit against Sale for the balance of $11,338.21, alleging a violation of the DTPA and common law fraud. The jury found that Sale had misrepresented preexisting condition coverage to Kennedy, but not to the Board of Managers. The trial court rendered judgment for Kennedy on his DTPA cause of action. The court of appeals, with one justice dissenting, reversed this judgment but remanded for a new trial on the common law fraud theory.

The court of appeals held that because Kennedy did not purchase the policy benefits directly from Sale, he was not a "consumer" as defined by the DTPA. In reaching this conclusion, the court of appeals

placed substantial reliance on *Delaney Realty, Inc. v. Ozuna*, 593 S.W.2d 797 (Tex. Civ.App.—El Paso), *writ ref'd n.r.e. per curiam*, 600 S.W.2d 780 (Tex.1980). This court, while refusing writ, did not endorse the *Delaney Realty* court's reasoning. 600 S.W.2d 780 (Tex.1980). Less than one year later, we expressly disapproved the result in *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539–40 (Tex.1981).

While *Cameron v. Terrell & Garrett, Inc.* is not conclusive on the question here presented, the decision is nonetheless highly instructive. The question presented in *Cameron* was whether a real estate agent could be held in violation of the DTPA where he was neither the buyer nor the seller of the property. In a unanimous opinion, we stated:

We find no indication in the definition of consumer in section 17.45(4), or any other provision of the Act, that the legislature intended to restrict its application only to deceptive trade practices committed by persons who furnish the goods or services on which the complaint is based. *Nor do we find any indication that the legislature intended to restrict its application by any other similar privity requirement.*

618 S.W.2d at 540–41 (emphasis added). This court further stated:

"The Act is designed to protect consumers from any deceptive trade practice made in connection with the purchase or lease of any goods or services.... To this end, we must give the Act, under the rule of liberal construction, its most comprehensive application possible without doing any violence to its terms."

*Id.* at 541.

Keeping these principles in mind, we turn to an examination of the instant cause. The DTPA defines "consumer" as "an individual ... who *seeks or acquires by purchase or lease,* any goods or services." Tex.Bus. & Comm.Code Ann. § 17.45(4) (Vernon Supp.1985) (emphasis added). ▮ The court of appeals gave two reasons why Kennedy did not qualify as a consumer. First, it was suggested that

Kennedy did not "seek or acquire" the policy benefits. 679 S.W.2d at 735. While Kennedy did not "seek" the benefits (since the new policy was negotiated by the hospital district's Board of Managers without his input), he most assuredly did "acquire" those benefits when he was covered by the policy's provisions.

▮ The second rationale advanced by the court of appeals is that Kennedy did not "purchase" the policy from Sale, because he paid no consideration to Sale. While the Act's definition of "consumer" includes one who "acquires by purchase or lease," it does not necessarily follow from that language that the consumer must himself be the one who purchases or leases. For example, it could reasonably be said that Kennedy did "acquire" the policy benefits "by purchase," albeit a purchase consummated for his benefit by the hospital district's Board of Managers.

To accept the construction favored by Sale, that only direct purchasers can be consumers, would be to read additional or different language into the DTPA, in contravention of the Act's mandate of liberal construction. The legislature could easily have drafted such a restriction into the definition of "consumer," for example, by use of the words "purchaser or lessee," but did not do so. As this court stated in *Cameron:*

"[W]e believe every word excluded from a statute must ... be presumed to have been excluded for a reason. Only when it is necessary to give effect to the clear legislative intent can we insert additional words or requirements into a statutory provision."

618 S.W.2d at 540.

We therefore hold that, under the facts of this case, Francis Kennedy was a consumer and thus entitled to maintain a cause of action under the DTPA. As this court recently stated in *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 707 (Tex.1983):

"Privity between the plaintiff and defendant is not a consideration in deciding

the plaintiff's status as a consumer under the DTPA.... A plaintiff establishes his standing as a consumer in terms of his relationship to a transaction, not by a contractual relationship with the defendant. The only requirement is that the goods or services sought or acquired by the consumer form the basis of his complaint."

For the foregoing reasons, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.