**Marvin DEWITT, et ux., Appellants,**

**v.**

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., Appellees.**

**No. B14–85–580–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 28, 1986.

Rehearing Denied Sept. 25, 1986.

Kenneth C. Kaye, League City, for appellants.

Lee L. Kaplan, Houston, J.D. Bashline, Joseph Presnall, III and Otto D. Hewitt, III, Galveston, for appellees.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellants sued various Prudential companies, Fort Worth Mortgage Corporation and insurance agent, Michael G. Barrera, under the Texas Deceptive Trade Practices and Consumer Protection Act. The trial court granted summary judgment for Prudential and, at the close of testimony, instructed a verdict for Fort Worth Mortgage. The jury found all special issues in favor of Barrera, and the trial court entered judgment accordingly. We affirm.

In 1978 the Dewitts moved to Texas and bought a house in League City. They carried Prudential life insurance policies and contacted Barrera, a nearby Prudential agent, to handle those policies. Barrera helped the Dewitts obtain additional life insurance, which was required for the loan on their house, and a new homeowners policy. They also discussed transferring their flood insurance policy, due to expire in March 1979, to Prudential and increasing its coverage. The Dewitts contend that they filled out an application for the new policy and that Barrera later assured them that the policy was in effect with premiums to be paid out of the loan escrow account. Barrera contends that he was awaiting further contact from the Dewitts before he filed an application for the new policy.

The Dewitts testified they received no renewal notice on the existing policy. Fort Worth Mortgage did receive a copy of the notice and continued to pay the premiums from the escrow account. In July 1979 tropical storm Claudette severely damaged the Dewitt house. The Dewitts then discovered that the new flood insurance policy did not exist. The old policy, which covered the house for $42,000, was paid in full. There was no coverage on the contents. Appellants sued, seeking treble damages under the DTPA.

The Dewitts raise eleven points of error. In their first they allege that the trial court erred in granting Prudential a summary judgment. In reviewing a summary judgment, the appellate court determines whether the summary judgment proof established that there was no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action as a matter of law. *Harbour Heights Development, Inc. v. Seaback*, 596 S.W.2d 296, 297 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ), citing *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). As part of its summary judgment proof, Prudential filed an affidavit from Richard Shook, associate counsel of Prudential, stating that Barrera was not an agent for Prudential for selling flood insurance because Prudential did not offer flood insurance. Although its agents are allowed to sell flood insurance through the National Flood Insurance Program, Prudential exercises no control over them in this regard, and it instructs all employees at the local offices that Prudential has no such coverage. Furthermore, "[i]t is strictly against the policy of the Prudential companies for representations to be made about flood insurance coverage by Prudential." Barrera's deposition testimony, also part of the summary judgment proof, confirmed Shook's statements. He testified that no insurance company writes flood insurance, and it can be obtained only through the National Flood Insurance Program. Applications must be mailed directly to the NFIP office.

The Dewitts argue that by its actions, its signs, the business cards which it printed for its agents and its general advertising, Prudential could have impliedly authorized Barrera to act in assisting customers to obtain flood insurance. They further contend that Prudential did not, by its advertising or the signs it placed in Barrera's office, notify customers that its agents *could not* sell flood insurance. They thus argue that Prudential is liable for Barrera's actions.

■ The Dewitts raise no genuine issues of material fact concerning either actual or apparent authority. They contend

that the affidavit and deposition testimony relied on as summary judgment proof are in conflict and, therefore, raise fact issues. However, such is not the case. There is no evidence that Prudential expressly authorized Barrera to sell flood insurance for Prudential nor is there evidence that he believed he was so authorized. Moreover, Prudential's business cards show the insurance it provides rather than the insurance it *does not* provide. There is no evidence that this would cause a reasonably prudent person to suppose its agent was authorized to sell the non-advertised flood insurance for Prudential. A summary judgment may be based on uncontroverted testimony of an interested witness if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies and could have been readily controverted. TEX.R.CIV.P. 166–A(c). Such exists here. The first point of error is overruled.

In point of error two, appellants argue that the trial court erred in allowing an unnamed expert witness to testify. Prior to trial, they sent interrogatories to Barrera and Fort Worth Mortgage requesting identification of their experts who were to testify. Barrera answered, "We have designated no experts at this time. You are advised of the possibility that Dave Cullins *may* be called as an expert on the subject of the amount of damage to the real property in question; we'll inform you in due course if he is to be used as an expert witness." Appellants were not so informed. Cullins was called to testify, and his testimony was admitted.

■ A party should supplement his response to a request for discovery of expert witnesses if he decides to call a witness whose identity has not been disclosed previously. TEX.R.CIV.P. 166b(5)(b). Otherwise, that testimony may be excluded unless the trial court finds good cause for admission. TEX.R.CIV.P. 215(5). The trial court has discretion in such matters. The standard for review is whether the discretion was clearly abused. To establish a clear abuse of discretion, the complaining

party must show that the trial court's action was arbitrary or unreasonable in light of all the circumstances of the particular case. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 442–43 (Tex.1984).

■ Here Cullins' name and the subject matter of his testimony were included in the answers to appellants' interrogatories. In addition, their counsel was present when Cullins inspected the house, and he received a copy of Cullins' report. When counsel objected to the admission of the testimony at trial, the court allowed him to depose Cullins overnight and on two other occasions. The Dewitts used the same language in their answers to interrogatories concerning an expert witness on attorney's fees. Under these circumstances, the trial court's action was not arbitrary and unreasonable. The second point of error is overruled.

In the fifth point of error, appellants claim the trial court erred in granting Fort Worth Mortgage's motion for an instructed verdict because there was evidence that would have supported affirmative jury findings against it. It held the outstanding note on the house and paid insurance premiums out of the loan escrow account. Appellant claims he called the company's office in Fort Worth to inform it that they were changing agents for their homeowners and flood insurance and increasing the limits. They contend that this created a duty on the mortgage company to check the loan file upon receipt of the renewal notice and inquire why the new flood policy was not in effect. They assert that this would have alerted them to contact Barrera to discover the problem.

■ Appellants imply negligence when they use the word "duty," yet they brought this action under the Texas Deceptive Trade Practices Act, TEX.BUS. & COM. CODE ANN. §§ 17.41–17.63 (Vernon Supp. 1986). To maintain a cause of action under the DTPA, the Dewitts must qualify as consumers as that term is defined in section 17.45(4). *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 538 (Tex.1981). Privity between parties is not a considera-

tion in determining the plaintiff's status as a consumer. Rather, a plaintiff establishes this status by his relationship to a transaction and not by a contractual relationship with the defendant. This relationship encompasses all the parties who seek to enjoy the benefits of the transaction. *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 707 (Tex.1983). Appellants must establish that they were damaged by a false, misleading, or deceptive act or practice, by breach of an express or implied warranty or by an unconscionable action or course of action. § 17.50; *English v. Fischer*, 649 S.W.2d 83, 92 (Tex.App.—Corpus Christi 1982), *rev'd on other grounds*, 660 S.W.2d 521 (Tex.1983).

■ The mortgage company did not benefit from the transaction between the Dewitts and Barrera. It merely was informed that the transaction was to take place. As the holder of the mortgage, it was protected by the policy. However, the benefit was an indirect one. A flood insurance policy was already in effect, and the mortgage company ensured its continued existence by paying the premiums upon receipt of the renewal notice. There is nothing in the record that can be construed as an act or practice by the mortgage company that was the producing cause of actual damages to the Dewitts. The only contact with Fort Worth Mortgage concerning the new flood policy was Mr. Dewitt's call to the Fort Worth office. Whether that call was actually made or, if made, pertained to the insurance policy is unclear. Mr. Dewitt testified only that the woman he talked to "didn't give any indication that there would be a problem." This is insufficient evidence on which to predicate a DTPA action. The fifth point of error is overruled.

In their fourth point of error, appellants argue that the instructed verdict precluded their fully arguing their position. It was granted only after all of the evidence had been presented. They had an opportunity to argue against the motion after it was first offered and did so. When they presented a list of cases from other jurisdictions, however, the court stated, "I don't care to hear about cases from other jurisdictions at this time. You may give me the list of cases if you want. The jury is waiting outside. I am not going to listen to any cases outside of this jurisdiction."

■ The judge has great discretion in this regard. He will be reversed only upon a showing of abuse. *Clark v. Turner*, 505 S.W.2d 941, 945 (Tex.Civ.App.—Amarillo 1974, no writ). Such is not the case here. The fourth point of error is overruled.

■ In points of error eight through eleven, appellants argue that the answers to Special Issues Nos. 1, 4, 7 and 10 were against the great weight and preponderance of the evidence. In considering these points, all evidence must be reviewed. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *Sharpe v. Safway Scaffolds Co. of Houston, Inc.*, 687 S.W.2d 386, 389 (Tex.App.—Houston [14th Dist.] 1985, no writ). The jury's findings will be sustained if there is some probative evidence to support them and if they are not against the great weight and preponderance of the evidence. *Alford, Meroney & Co. v. Rowe*, 619 S.W.2d 210, 213 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.). Although all three witnesses had difficulty remembering the events of six years before, Barrera's testimony was consistent and the combined testimonies conveyed the impression of a disastrous misunderstanding. The record supports the jury's findings. Thus, points of error eight through eleven are overruled.

■ Points of error three, six and seven concern damages. In point of error three, appellants allege that the trial court erred in that it submitted an improper measure of damages. Since the jury did not find Barrera liable, the damage issue is immaterial. *Brown v. Gonzales*, 653 S.W.2d 854, 863 (Tex.App.—San Antonio 1983, no writ). The third point of error is overruled.

In points of error six and seven appellants allege that the answers to the damage issue are improper and show bias and prejudice by the jury. However, since the jury found no liability, these answers are

immaterial. *Brown v. Gonzales*, 653 S.W.2d at 863. Appellants cite several cases which have held that the jury may not disregard uncontradicted evidence of damage and answer "zero" to a damages issue. In those cases, however, the juries either failed to answer all the special issues or found liability prior to finding zero damages.

 Although the jury's answer of zero damages is not in accord with the evidence, there is no evidence of bias or prejudice, particularly when the jury awarded attorney's fees to the Dewitts. Points of error six and seven are overruled.

We affirm the judgment of the trial court.