**Bobbye KITCHENER**

v.

**T.C. TRAILERS, INC.**

**Civ. A. No. G–87–250.**

United States District Court,
S.D. Texas,
Galveston Division.

July 6, 1988.

Alton Todd, Alvin, Tex., for plaintiff.

Carla Cotropia, Galveston, Tex., for defendant.

## MEMORANDUM, OPINION AND ORDER

HUGH GIBSON, District Judge.

Pending before the Court is defendant's motion for partial summary judgment. Having considered the pleadings, motion for partial summary judgment and response thereto, and the applicable case law, the Court is of the opinion that the motion should be and hereby is GRANTED.

## FACTS

Pat and Becky Hardy (the Hardy's) are the owners of a horse trailer which was purchased from defendant T.C. Trailers, Inc. In March 1986, the Hardy's allowed their friend and neighbor, plaintiff Bobbye Kitchener, to borrow the trailer so she could transport her "valuable" horse. Although the facts are sketchy, the horse somehow cut its left rear ankle and leg on one of the trailer's hinges. Plaintiff brought this action and asserts the hinge was defectively manufactured and unreasonably dangerous. Plaintiff's causes of action are based on negligence, warranty liability, products liability, and the Deceptive Trade Practices Act (DTPA).[1] The facts raise an interesting issue of first impression in Texas DTPA law. More specifically, does a plaintiff who merely borrows a good have consumer status so as to have standing to assert a DTPA claim.

## DISCUSSION

Section 17.45(4) of the Act defines consumer as "an individual ... who seeks or acquires by purchase or lease, any goods or services."[2] Since standing to sue is predicated on being a consumer, plaintiff's failure to qualify as a consumer will result in the dismissal of her DPTA claim. *Flenniken v. Longview Bank & Trust Co.,* 661 S.W.2d 705, 706 (Tex.1983); *Riverside Nat'l. Bank v. Lewis,* 603 S.W.2d 169, 173 (Tex.1980).

Defendant argues that because the plaintiff admits to being a borrower or gratuitous user of the trailer, she cannot be a consumer. The reason is that the plaintiff cannot satisfy the second element of section 17.45(4) which defines a consumer as one whose acquisition of the good (trailer) was by purchase or lease. Plaintiff counters with the argument that a party need not be the actual purchaser in order to assert a DTPA cause of action. As support, plaintiff cites the Texas Supreme Court case of *Kennedy v. Sale.*[3] It is plaintiff's position that the focus of the inquiry should deal with: first, her relationship to the product (trailer); and second, whether she would fall within the Act's definitional element of "acquire."

1) One who seeks or acquires;
2) By purchase or lease;
3) Any goods or services.

---

1. TEX.BUS. & COM.CODE ANN. §§ 17.41–17.63 (Vernon Supp.1987) [hereinafter the "Act" or "DTPA"].

2. This definition is more easily understood if consumer status is perceived as having three elements:

3. 689 S.W.2d 890 (Tex.1985).

With regard to her relationship to the product, plaintiff correctly notes that privity is not required to establish consumer status.[4] Instead, consumer status is determined by a plaintiff's relationship to a transaction, rather than a contractual relationship with the defendant.[5] Moreover, the plaintiff strongly relies on *Dewitt v. Prudential Ins. Co. of Am.*,[6] which states that the relationship to the transaction encompasses all those "who seek to enjoy the benefits of the transaction."[7] Plaintiff argues, therefore, since her use of the trailer was acquired as a result of her relationship with the owner, she qualifies as a consumer because she participated in and derived benefits from the transaction that occurred between the owner-buyer and defendant-seller.

Despite the novelty of plaintiff's arguments, this Court holds plaintiff is not a consumer. The Court makes "this ruling cognizant of the fact that the DTPA carries with it a mandate that [it] be liberally construed."[8] Nonetheless, as an *Erie* court, this Court declines to give the state court opinions of *Kennedy* and *Dewitt* the overly expansive interpretation that plaintiff seeks. Moreover, a close analysis of each opinion reveals that neither opinion is as supportive of plaintiff's position as plaintiff would have this Court believe.

The significance of the Texas Supreme Court's decision in *Kennedy* is that *intended* third-party beneficiaries of a purchase or lease are also considered consumers and, as such, have standing to maintain a DTPA cause of action.[9] *Kennedy* does not stand for, nor does it even remotely suggest that *incidental* beneficiaries of a purchase or lease are consumers within the meaning of the DTPA. Therefore, as a mere gratuitous user of the trailer, plaintiff is at best an incidental beneficiary. As such, plaintiff falls outside of the protection afforded by *Kennedy*.

With regard to the *Dewitt* decision, plaintiff relies heavily on *Dewitt's* recitation that a consumer includes all those who enjoy the benefits of the transaction.[10] Under this argument, anyone and everyone who could be considered the beneficiary of an implied warranty would have consumer standing to bring a DTPA action. If such were the case, then the Texas legislature's minimal requirement that a plaintiff must be a consumer would be rendered meaningless.

Plaintiff's reliance on *Dewitt* is misplaced because plaintiff misconstrues *Dewitt's* reliance on the Texas Supreme Court decision of *Flenniken*. Under *Flenniken*, a plaintiff must be a consumer as to one of the parties who sought to enjoy the benefits of the transaction.[11] In other words, if

**4.** *Flenniken*, 661 S.W.2d at 707; *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 541 (Tex. 1981).

**5.** *Flenniken*, 661 S.W.2d at 707; *Cameron*, 618 S.W.2d at 541.

**6.** 717 S.W.2d 414 (Tex.App.—Houston [14th Dist.] 1986, no writ).

**7.** *Id.* at 418.

**8.** *Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States Fire Ins. Co.*, 832 F.2d 1358, 1376, *op. clarified per curiam*, 832 F.2d 1378 (5th Cir.1987).

**9.** *See Kennedy*, 689 S.W.2d at 892.
In *Kennedy*, the plaintiff was an employee of Martin County Hospital District. When the Hospital District decided to change its group insurance carrier, the new carrier sent an agent to explain the new policy's benefits and provisions. The agent misrepresented to plaintiff that preexisting conditions were fully covered, when in fact they were not. *Id.* at 891.

A Texas court of appeals held the plaintiff was not a consumer because the plaintiff did not directly purchase the policy benefits from the agent. *Id.* at 891. The Texas Supreme Court reversed, pointing out that a plaintiff need not make the actual purchase himself, so long as the purchase was consummated for his benefit. *Id.* at 892.

**10.** *DeWitt*, 717 S.W.2d at 418.

**11.** *See Flenniken*, 661 S.W.2d at 707.
In *Flenniken*, the plaintiffs entered into a contract with a homebuilder for the construction of a new residence. In exchange for the homebuilder's services, the plaintiff executed a mechanics lien note naming the homebuilder as payee. Thereafter, the homebuilder assigned the note and the lien to defendant-bank as security for an interim construction loan. After the homebuilder received a substantial portion of the loan proceeds, he abandoned the project, completing only twenty percent (20%) of the work. Thereafter, the bank wrongfully foreclosed on the property. *Id.* at 706.

a plaintiff-consumer and a nondefendant-seller are engaged in a transaction, and a third party with whom the plaintiff does not have privity seeks to enjoy the benefits of that transaction, then the plaintiff will have consumer standing to sue the third party for that party's breach of the DTPA.

In applying *Flenniken* to the facts of this case, we see that the transaction involved was the defendant's sale of a horse trailer. The only parties who sought to enjoy the benefits of that sale were the defendant and the Hardy's. In order for the plaintiff to establish a relationship to that transaction, and thereby achieve consumer status under the *Flenniken* decision, *Flenniken* requires the plaintiff to be a consumer of the Hardy's.[12] Since plaintiff admits she was a mere borrower, her admission precludes her from satisfying the second element of the DTPA's definition of consumer.[13] In other words, unable to prove that her acquisition of the trailer from the Hardy's was by purchase or lease, plaintiff cannot be a consumer.

## CONCLUSION

Despite the liberal construction accorded the DTPA, this Court will not abrogate the Texas legislature's minimum requirement that a plaintiff be a consumer in order to assert a DTPA cause of action. Although direct contractual privity is not required between a plaintiff and target defendant, consumer status at least requires a showing that the plaintiff was an intended third-party beneficiary of the purchased goods or services. In the alternative, where the plaintiff had a consumer relationship with a party other than the target defendant, the plaintiff will still be considered a consumer as to all parties if the target defendant sought to enjoy the benefits of the underlying transaction. Under the facts of this case, plaintiff's admission that she was a gratuitous user precludes her from being able to satisfy either alternative. Yet, even if this Court could foresee in the course of developing law the possibility that the Texas Supreme Court might rule that gratuitous users were DTPA consumers,[14] this Court's limited role as an *Erie* court and its respect for comity dictate that it should not impose on Texas jurisprudence such an aggressive and strained interpretation of the term "consumer."[15]

## ORDER

For all of the above reasons, it is ORDERED, ADJUDGED and DECREED that defendant's motion for partial summary judgment is GRANTED. As such, plaintiff's DTPA claim is DISMISSED with prejudice.

The court of appeals held the plaintiffs were not consumers because they did not acquire any goods or services from the bank. The Texas Supreme Court reversed, reiterating that consumer status is determined by the plaintiffs relationship to a transaction (the sale of a house), and not by a contractual relationship with the defendant-bank. *Id.* at 706–07. Moreover, the Court pointed out that since the plaintiffs were a consumer as to the homebuilder, then they would likewise be a consumer as to the bank because the bank sought to benefit from the sale of the house. *Id.* at 707.

12. *See Flenniken,* 661 S.W.2d at 707.

13. *See supra* note 2, at 799.

14. The Court wishes to emphasize the distinction between possible versus probable. This Court would rule differently had the developing law indicated a *probability* that gratuitous users were DTPA consumers.

15. For those interested in a well-written article advocating that gratuitous users should be considered DTPA consumers, see Alderman, *Innovative Use of the Deceptive Trade Practices Act,* 18 Tex.Tech.L.Rev. 45, 50–51 & n. 27 (1987).

In essence, Prof. Alderman advocates that all breach of warranty claims should be allowed under the DTPA, regardless of the nature of the plaintiff. The idea is that the same breach of warranty should not lead to two different results simply because one plaintiff is a consumer while the other is not. *Id.* at 51 n. 27. Despite this Court's respect for Prof. Alderman, the Court finds such an argument unpersuasive and untenable because such a result would abrogate the Act's minimal requirement that the plaintiff be a consumer.