Republic 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING









NO. 03-96-00073-CV







Nirvana Keightley and Glen Keightley, Individually and as next friends of Glena

and William Keightley, Minors, Appellants


v.



Republic Insurance Company, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 94-03133, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING







 We withdraw our previous opinion and judgment dated March 6, 1997, and issue the
following in order to address matters raised by Republic Insurance Company in its motion for rehearing. 


 Fred W. Morish assigned to Nirvana and Glen Keightley causes of action Morish claimed
against Republic Insurance Company. (1) The Keightleys sued Republic on each cause of action and appeal
now from a summary judgment that they take nothing. We will reverse the judgment in part, affirm the
remainder, and remand the cause to the trial court for proceedings not inconsistent with this opinion.

 We believe our discussion will be more easily understood if we generally refer to Morish
as if he had been the plaintiff in the court below and refer to the Keightleys only where required for clarity.



 THE CONTROVERSY


 National County Mutual Fire Insurance Company issued a liability-insurance policy to
Morish. The policy was among several that National County reinsured with Republic. In October 1987,
owing to National County's financial difficulties, Republic began to administer the reinsured policies. This
lasted until October 1988 when a court-appointed receiver took over National County's affairs and
property. See Tex. Ins. Code Ann. art. 21.28-C (West Supp. 1997). The Keightleys recovered a
judgment against Morish in excess of the limits of his National County policy.

 Morish sued Republic on causes of action allegedly arising from Republic's refusal to settle,
within policy limits, on terms offered by the Keightleys between October 1987 and October 1988--the
period when Republic administered the Morish policy before the receivership proceeding. The causes of
action were as follows (1) a statutory cause of action under article 21.21, section 16(a), of the Texas
Insurance Code, for unfair and deceptive acts or practices in the business of insurance; (2) a statutory
cause of action under the Texas Deceptive Trade Practices Act, Texas Business and Commerce Code,
section 17.46(a), for false, misleading, or deceptive acts or practices in the conduct of commerce; (2) (3) a
common law cause of action for Republic's breach of a duty of good faith and fair dealing owed Morish;
and (4) a common law cause of action for Republic's negligence and gross negligence in failing to settle the
Keightleys' claim within policy limits.

 It is undisputed in the summary judgment record that Morish was not a party to the
reinsurance contract between Republic and National County nor any other contract with Republic. The
basis for Morish's claims is Republic's alleged conduct during October 1987 - October 1988 in relation
to the National County policy, as that conduct is set out in the summary judgment record: with the
knowledge and consent of National County, Republic assigned a claims manager to manage the Morish
claim and other claims against National County insureds; dealt directly with National County's defense
counsel; investigated, evaluated, negotiated, and settled such claims; employed independent insurance
adjusters and lawyers in defending the claims and paid attendant litigation expenses; exercised settlement
authority over the claims; and established and funded a bank account in National County's name. The
summary judgment record includes the affidavit of John W. Berkel, an attorney engaged to defend Morish
against the Keightleys' claim. Berkel swore that Republic "took over the duties and responsibilities with
regard to settlement authority and claims adjusting . . . prior to the time National County went into
receivership;" and, that Republic paid Berkel's fees and expenses directly and issued drafts against a
National County bank account that were signed by a Republic employee. 

 Republic moved for summary judgment on the following grounds: (1) Morish had no claim
against Republic on the reinsurance contract because he was not a party to it; (2) in the absence of a
contractual relationship between Republic and Morish, he had "no standing to assert any statutory or
common law causes of action against Republic," specifically "no standing to assert any claim for common
law bad faith claims handling, for any violation of the DTPA or for any violation of the Insurance Code;"
and (3) "Republic had a reasonable basis for denying any obligation" to pay the Keightleys' claims against
Morish because an injunction issued in the receivership proceeding prohibited such payment.

 The summary judgment ordered by the trial court does not specify the ground or grounds
upon which the court rendered judgment as a matter of law. We must therefore examine the summary
judgment record, in relation to each of the causes of action pleaded, under the familiar rules applicable to
such judgments on appeal. See Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49
(Tex. 1985); Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970); Johnston v.
American Cometra, Inc., 837 S.W.2d 711, 714 (Tex. App.--Austin 1992, writ denied).

 Under point of error one, the parties join issue on whether the judgment below is erroneous
with respect to Morish's four causes of action, which we shall discuss in order.



STATUTORY CAUSES OF ACTION


 Article 21.21, section 16(a), of the Insurance Code creates and authorizes a statutory
cause of action in the following terms:



Any person who has sustained actual damages caused by another's engaging in an act or
practice declared in Section 4 of this Article to be . . . unfair or deceptive acts or practices
in the business of insurance or in any practice specifically enumerated in a subdivision of
Section 17.46(b), Business & Commerce Code, as an unlawful deceptive trade practice
may maintain an action against the person or persons engaging in such acts or practices.



Tex. Ins. Code Ann. art. 21.21, § 16(a) (West Supp. 1997) (emphasis added). Morish alleged causes
of action against Republic for "unfair or deceptive acts or practices in the business of insurance" and for
a "practice specifically enumerated in a subdivision of Section 17.46(b)" of the Business and Commerce
Code, a part of the Deceptive Trade Practices Act.

 We conclude Republic was not entitled to judgment as a matter of law respecting Morish's
cause of action for "unfair or deceptive practices in the business of insurance." Article 21.21, section 16(a),
states the requisite elements for the statutory cause of action: (1) actual damages (2) sustained by any
person and (3) caused by another's engaging in an act or practice (4) declared unfair or deceptive in section
4 of the article. Privity of contract is not a stated element. Instead, the statute explicitly defines standing
in terms of any person sustaining actual damages caused by another's engaging in an unfair or deceptive act
or practice described in article 21.21. The statutory elements are exclusive; we may not add to them the
element of contractual privity. See Mingus v. Wadley, 285 S.W. 1085, 1087 (Tex. 1926). We hold
erroneous and reverse this part of the judgment below. We sustain point of error one in that respect. (3)

 We believe Republic was entitled to judgment as a matter of law respecting Morish's cause
of action based upon an alleged violation of the Deceptive Trade Practices Act as that statute is
incorporated in article 21.21, section 16(a), of the Texas Insurance Code. The statutory cause of action
is available only to "consumers," a word defined as a person who acquires goods or services "by purchase
or lease." See Tex. Bus. & Com. Code Ann. § 17.45(4) (West Supp. 1997); Transport Ins. Co. v.
Faircloth, 898 S.W.2d 269, 274 (Tex. 1995). Morish did not purchase or lease goods or services from
Republic. May "consumer" status be imputed to him nevertheless because of his "relationship" to the
reinsurance contract between Republic and National County? See Melody Home Mfg. Co. v. Barnes,
741 S.W.2d 349, 352 (Tex. 1987). We believe not. The reported decisions establish that the qualifying
"relationship" is one of intended beneficiary under a contract between others. (4) That is to say, the
circumstances must justify a conclusion that the contracting parties intended that the stranger have the use
and benefit of the goods or services furnished under the contract. See, e.g., Kitchner v. T.C. Trailers,
Inc., 715 F. Supp. 798 (S.D. Tex. 1988); see also Brandon v. American Sterilizer Co., 880 S.W.2d
488, 492 (Tex. App.--Austin 1994, no writ); Lara v. Lile, 828 S.W.2d 536, 541-52 (Tex.
App.--Corpus Christi 1992, writ denied); Rodriguez v. Ed Hicks, 767 S.W.2d 187, 191 (Tex.
App.--Corpus Christi 1989, no writ). The reinsurance contract between Republic and National County
is included in the summary judgment record. We find in its terms nothing to indicate that Morish was an
intended beneficiary. We hold, therefore, that the trial court did not err in its summary judgment respecting
Morish's statutory cause of action based upon the Deceptive Trade Practices Act. We overrule in this
respect point of error one.



COMMON LAW CAUSES OF ACTION


 We conclude the trial court did not err in awarding Republic judgment as a matter of law
on Morish's cause of action for breach of a common law duty of good faith and fair dealing. Absent privity
of contract, the duty does not arise. Natividad v. Alexsis, Inc., 875 S.W.2d 695, 697-98 (Tex. 1994). 
We overrule point of error one in this respect and turn to Morish's claimed causes of action for negligence.

 Morish alleged that Republic breached a duty of ordinary care in the settlement of the
Keightley's claims. That is, of course, a duty that an insurer owes an insured--a duty imputed to their
insurance contract. See G.A. Stowers Furniture Co. v. American Indem. Co., 15 S.W.2d 544, 547
(Tex. Comm'n App. 1929, holding approved). Morish was not an insured under any contract to which
Republic was also a party as an insurer. Morish, therefore, cannot have a Stowers claim against Republic. 


 There is, however, a more general rule made applicable to the case by the pleadings and
the remainder of the summary judgment record: the law places a duty of ordinary care upon any person
who voluntarily enters upon an affirmative course of action affecting another's interest. Otis Eng'g Corp.
v. Clark, 668 S.W.2d 307, 309 (Tex. 1983); Colonial Savings Ass'n v. Taylor, 544 S.W.2d 116, 120
(Tex. 1976); State Farm Fire & Casualty Co. v. Gandy, 880 S.W.2d 129, 136 (Tex. App.--Texarkana
1994, no writ), reversed on other grounds 925 S.W.2d 696 (Tex. 1996). Morish's pleadings alleged
and the summary judgment record substantiated prima facie that Republic affirmatively undertook a
particular course of action, not required by law or contract, that affected Morish's interests. If the
allegations are ultimately established, Republic voluntarily assumed a legal duty to act in such matters with
ordinary care. Nothing in the summary judgment record defeats as a matter of law Morish's cause of action
for negligence in that regard. We hold Republic was not entitled to judgment as a matter of law respecting
Morish's causes of action based upon allegations of negligence and gross negligence; and we sustain in this
respect point of error one.

 In its motion for rehearing, Republic argues against our holding on a theory that Morish's
sole cause of action for negligence is a Stowers claim--a claim we have stated Morish does not have
because he was not Republic's insured. In support of Republic's theory, it cites Maryland Ins. Co. v.
Head Indus. Coatings & Servs., Inc., 938 S.W.2d 27 (Tex. 1997). Head does not suggest the theory
Republic imputes to the decision. Head hold that an insured is adequately protected against his liability
insurer's mishandling of a claim against the insured by the duties imposed upon the insurer in the insurance
contract, augmented by the Stowers doctrine; consequently it is unnecessary to impose upon the insurer
an additional common law duty of good faith and fair dealing in handling such a claim. Head, 938 S.W.2d
at 28-29. Both Head and Stowers deal with common law duties arising expressly or by implication from
the contract relationship of insurer and insured. See Stowers Furniture Co. v. American Indem. Co.,
15 S.W.2d 544, 547 (Tex. 1929). Our holding, in contrast, does not derive from such a relationship. Our
holding derives instead from the relationship created when one undertakes, gratuitously or for his own
benefit, an affirmative course of action that affects the interest of another. Upon that relationship, the
supreme court in Otis Engineering and Colonial Savings has fixed a duty in the actor to conduct his
undertaking with ordinary care. We adhere to our holding that the summary judgment record does not
defeat, as a matter of law, the Keightley's cause of action based on such a duty.


REPUBLIC'S AFFIRMATIVE DEFENSE


 Republic contended in its motion for summary judgment that it could not pay the Keightleys'
claims against Morish because Republic was legally required by the injunction order, issued in the
receivership proceeding, to pay the receiver any sums owed by Republic under the reinsurance contract. 
Presumably, the defense referred to all the actions pleaded against Republic. The pleadings disclose,
however, that the Keightleys did not allege a cause of action to recover sums owed under Republic's
reinsurance contract. Instead, they sued on Morish's causes of action for consequential damages allegedly
caused by Republic's wrongful conduct in relation to Morish's insurance contract with National County;
moreover, they alleged that such conduct occurred before the receivership proceeding began and before
the injunction was issued. We hold Republic was not entitled to judgment as a matter of law, on its
affirmative defense, as to Morish's common law causes of action for negligence or gross negligence and
his statutory cause of action under article 21.21, section 16(a), of the Texas Insurance Code, for unfair or
deceptive acts or practices in the business of insurance. We need not discuss Republic's affirmative defense
in relation to Morish's other causes of action because we have rejected them on other grounds stated
previously. 



INSUFFICIENCY OF REPUBLIC'S MOTION FOR SUMMARY JUDGMENT


 In point of error two, the Keightleys complain that Republic's motion for summary judgment
did not attack their "causes of action" for negligence, gross negligence, waiver, and estoppel as set out in
their petition. We have previously discussed the causes of action for negligence and gross negligence and
need not refer to them again.

 "Waiver" and "estoppel" are not causes of action because they cannot create liability in and
of themselves. See Hruska v. First Sate Bank of Deanville, 747 S.W.2d 783, 785 (Tex. 1988). The
Keightleys did not, in their response to Republic's motion for summary judgment, raise waiver and estoppel
in opposition to Republic's contention that it was entitled to judgment as a matter of law. For that reason
they may not, on appeal, claim error based alone upon their pleading of waiver and estoppel. Id. We hold
accordingly and overrule point of error two.



CONCLUSION


 For the reasons given, we reverse the trial court judgment that the Keightleys take nothing
by their statutory cause of action for unfair or deceptive acts or practices in the business of insurance, under
article 21.21, section 16(a), of the Insurance Code, and their common law causes of action for ordinary
and gross negligence. We sever and remand to the trial court those causes of action for proceedings not
inconsistent with our opinion. We affirm the remainder of the trial court judgment.



 

 John Powers, Justice

Before Justices Powers, Aboussie and Jones

Affirmed in Part; Reversed and Remanded in Part

Filed: May 8, 1997

Publish
1. In its motion for rehearing Republic challenges for the first time in the cause the validity of the
assignment, contending the supreme court recently held that such assignments are void. See State Farm
Fire and Casualty Co. v. Gandy, 925 S.W.2d 696, 720 (Tex. 1996). An assignment of error raised for
the first time in a motion for rehearing in the Court of Appeals is too late to be considered, unless the error
can be classified as fundamental. Lone Star Gas Co. v. Sheaner, 305 S.W.2d 150, 153 (Tex. 1959);
Washington v. Walker County, 708 S.W.2d 493, 497 (Tex. App.--Houston [1st Dist.] 1986, writ ref'd
n.r.e.); Gillen v. Diadrill 624 S.W.2d 259, 264 (Tex. App.--Corpus Christi 1981, writ dism'd). We may
assume the error assigned is not fundamental because the holding in Gandy specifically limited its
retroactive effect to invalidate only those assignments to which an objection has been preserved. State
Farm Fire and Casualty Co. v. Gandy, 925 S.W.2d 696, 720 (Tex. 1996). We, therefore, overrule
Republic's new assignments of error relating to the validity of the assignment.
2. Section 17.46(a) of the Texas Deceptive Trade Practices Act is incorporated in article 21.21, section
16(a) of the Texas Insurance Code. 
3. In its motion for rehearing, Republic contends that because article 1.14-1 §2(b)(2) statutorily exempts
the "lawful transaction of reinsurance" from the definition of "business of insurance" we cannot hold
Republic liable under article 21.21. See Tex. Ins. Code Ann. art. 1.14-1 §2 (b) (2) (West Supp. 1997). 
We do not find this argument persuasive. The supreme court recently analyzed this provision and found
that article 1.14-1(2) was enacted after article 21.21 and was not intended to alter the scope of the term
"business of insurance" as it was used in article 21.21. Great American Ins. Co. v. North Austin Mun.
Utility District No. 1, 908 S.W.2d 415, 420-423 (Tex. 1995). Article 1.14-2(a) does not evidence the
legislature's intention to promulgate a uniform definition of acts which constitute doing an insurance
business; rather, they indicate concern that particular parties may escape the jurisdiction of the State Board
of Insurance. Id. Republic undertook to investigate, adjust, settle, and defend claims against Morish. We
believe these actions are encompassed by the term "business of insurance" as used in article 21.21.
4. See, e.g., Birchfield v. Texarkana Memorial Hosp., 747 S.W.2d 361 (Tex. 1987); Kennedy v.
Sale, 689 S.W.2d 890, 892 (Tex. 1985); D/FW Commercial Roofing Co. v. Mehra, 854 S.W.2d 182
(Tex. App.--Dallas 1993, no writ); Allied Towing Serv. v. Mitchell, 833 S.W.2d 577 (Tex.
App.--Dallas 1992, no writ); HOW Ins. Co. v. Patriot Fin. Servs. of Tex., Inc., 786 S.W.2d 533 (Tex.
App.--Austin 1990, writ denied); Parker v. Carnahan, 772 S.W.2d 151 (Tex. App.--Texarkana 1989,
writ denied); Wellborn v. Sears, Roebuck & Co., 970 F.2d 1420 (5th Cir. 1992).



tleys did not, in their response to Republic's motion for summary judgment, raise waiver and estoppel
in opposition to Republic's contention that it was entitled to judgment as a matter of law. For that reason
they may not, on appeal, claim error based alone upon their pleading of waiver and estoppel. Id. We hold
accordingly and overrule point of error two.