Peter E. PARKER d/b/a Dana & Parker

v.

Richard AYRE.

Supreme Judicial Court of Maine.

Argued March 18, 1992.
Decided July 27, 1992.

Floyd L. Harding, Alan F. Harding (orally), Presque Isle, for plaintiff.

Candy B. Gonzales (orally), Houlton, for defendant.

James McKenna, Augusta, for amicus curiae.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Chief Justice.

Defendant Richard Ayre (the homeowner) appeals from the Superior Court (Aroostook County, *Pierson, J.*) affirmance of a judgment of the District Court (Presque Isle, *Griffiths, J.*) awarding plaintiff Peter Parker (the contractor) $2,950 for his performance of construction work under an oral contract. The homeowner argues that

the contract violated the Home Construction Contracts Act, 10 M.R.S.A. §§ 1486–1490 (Supp.1991), and the Maine Unfair Trade Practices Act, 5 M.R.S.A. §§. 205–A to 214 (1989 & Supp.1991), because it was a home construction contract for more than $1400 that was not in writing. We agree that the oral contract violated the Home Construction Contracts Act, but we affirm the judgment.

In 1989, the parties entered into an oral agreement whereby Parker was to install a septic system, excavate for a foundation, remove construction debris, and landscape an area in preparation for the further renovation of Ayre's home. There was conflicting testimony at trial as to the estimated cost, the homeowner maintaining that the entire project was to cost $7000, and the contractor contending that the septic system alone was to cost $7000. Billing occurred periodically as the work progressed, and the homeowner eventually paid over $12,000. After several delays, the project was substantially completed, although the plan for the septic system was not signed as required by a town ordinance. As a result of this and other deficiencies, the homeowner refused to pay the remaining balance of approximately $3000.

The contractor subsequently filed a complaint in the District Court seeking recovery of the balance due for the work performed. In the homeowner's answer, he raised the Home Construction Contracts Act[1] as a defense and counterclaimed for violation of the Unfair Trade Practices Act. After trial, the court awarded the contractor $2920, finding that the homeowner had "failed to maintain his burden on the other allegation in his Counter–Claim [violation of the Unfair Trade Practices Act]." The Superior Court affirmed. The initial question before us is whether an agreement to install a septic system, excavate a foundation, and landscape fall within the statutory definition of a "home construction contract."

The Home Construction Contracts Act was proposed along with a voluntary state-wide building code to combat the problem of "faulty home construction." L.D. 1044, Statement of Fact (113th Legis.1987). By its terms, the Act applies to "[a]ny home construction contract for more than $1,400 in materials and labor." 10 M.R.S.A. § 1487. At the time of the work on Ayre's home, a "home construction contract" was defined as "a contract to build, remodel or repair a residence." P.L.1987, ch. 574. The Act was later amended to clarify the definition of "home construction contract" as including "not only structural work but also electrical, plumbing and heating work; carpeting; window replacements; and other nonstructural work." P.L.1989, ch. 248, § 1. Even without this clarification, we conclude that foundation excavation and septic system installation constitute building, remodelling, or repairing a residence and fall within the Act. Although the contract at issue also involved some landscaping, the major portion of the work involved the foundation and septic system, and much of the landscaping was incidental to that work. Since it is undisputed that the contract was oral and in excess of $1400, it violated the Act. We do not interpret the court's judgment as awarding damages based on the contract. Rather, the court awarded damages only on the basis of quantum meruit. Accordingly, we affirm the judgment on plaintiff's complaint.

With regard to his counterclaim, the homeowner argues that he is entitled to the additional remedies contained in the Unfair Trade Practices Act by virtue of 10 M.R.S.A. § 1490(1), which provides that a violation of the Home Construction Contracts Act is prima facie evidence of a violation of the Unfair Trade Practices Act. Private relief available under the Unfair Trade Practices Act includes restitution and other equitable relief, and attorney

---

1. In addition to the oral agreement, Parker allegedly violated the Act by failing to meet building code standards in installing the septic system and by performing unauthorized repairs to the driveway. See 10 M.R.S.A. § 1487(7) (requiring warranty provision in contract that work will be constructed in accordance with applicable building codes) & § 1488 (requiring change orders to be in writing).

fees. *See* 5 M.R.S.A. § 213(1) & (2) (Supp. 1991). Private relief, however, is available only if the consumer has suffered a "loss of money or property" as a result of a violation. *Id.* § 213(1); *Bartner v. Carter,* 405 A.2d 194, 203–04 (Me.1979). As we have noted, however, the District Court judgment awards only the value of the benefit conferred on the homeowner and the court specifically found that the homeowner had not shown "that the materials claimed to be furnished by the Plaintiff were not in fact furnished, and that the prices therefor were not fair and reasonable...." Thus the homeowner has failed to demonstrate a loss of money or property as a result of the oral contract and he is not entitled to recover under the Unfair Trade Practices Act.

The entry is:

Judgment affirmed.

All concurring.