**Mark HOGLUND, Jr., By and Through his Guardian Ad Litem, Phillip E. JOHNSON, Esq., Plaintiff,**

v.

**DIAMLERCHRYSLER CORPORATION, Defendant.**

Civil No. 99–84–P–H.

United States District Court, D. Maine.

June 20, 2000.

Bruce C. Gerrity, Preti, Flaherty, Beliveau, Johnson, Pachios & Haley, LLC, Augusta, ME, Robert O. Newton, Joel Hall Thompson, Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Portland, ME, for Plaintiff.

Peter M. Durney, David W. McGough, Cornell & Gollub, Boston, MA, Stephen J. Ott, Robert J. Haddad, Miller, Canfield, Paddock & Stone PLC, Troy, MI, Elizabeth G. Stouder, Richardson, Whitman, Large & Badger Portland, ME, for Defendants.

## ORDER ON DEFENDANT'S LIMITED OBJECTION TO RECOMMENDED DECISION

HORNBY, Chief Judge.

The issue here is whether a child can sue for damages for personal injuries under Maine's Unfair Trade Practices Act ("UTPA"), 5 M.R.S.A. § 213 (West Supp. 1999), where the product that allegedly caused the injuries because of a defect was

purchased by his parents. I conclude that under the clear language of the statute and Law Court precedents, he cannot.

## A. MAINE'S UNFAIR TRADE PRACTICES ACT

By its language, the UTPA limits the availability of a private cause of action to "[a]ny person who purchases or leases goods, services or property ..." 5 M.R.S.A. § 213 (West Supp.1999).[1] The plaintiff in this case, Mark Hoglund, Jr., was a three-year-old child at the time of the accident that is the subject of this lawsuit. His parents, not he, purchased the defendant's product—an automobile—that allegedly caused his injury. By the clear language of the statute, Mark Hoglund, Jr. is not covered. He is not a "person who purchase[d]" the automobile. He argues that because the UTPA is a remedial statute, it should be construed liberally. Historically, however, the Law Court has interpreted the UTPA's private remedial provision narrowly. *See Bartner v. Carter,* 405 A.2d 194, 202–03 (Me.1979) (refusing to interpret "restitution" liberally).[2]

Although the Legislature amended section 213[3] after *Bartner* to add "actual damages" to the previous remedy for "restitution," *Bartner* remains instructive for two reasons: first, the Law Court applied a "technical" rather than a "broad" interpretation to the statutory terms, *see, e.g.,* 405 A.2d at 202–03; and second, the Law Court emphasized that then-current Massachusetts version of the Unfair Trade Practices Act was a prototype for Maine's UTPA and looked repeatedly to that law for guidance. *See* 405 A.2d at 203. At the time, the Supreme Judicial Court of Massachusetts had already noted that only purchasers were covered by the statutory language. *Dodd v. Commercial Union Ins. Co.,* 373 Mass. 72, 365 N.E.2d 802, 807 (Mass.1977) (additional insureds not covered).[4]

1. That section provides:
   Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 207 ... may bring an action ... for actual damages, restitution and for other such equitable relief, including an injunction, as the court determines to be necessary and proper.
   5 M.R.S.A. § 213(1) (West Supp.1999).

2. Under section 207 of the UTPA, the Legislature indicated that courts should look to interpretations of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), and to any rules or regulations the Maine Attorney General may make. *See* 5 M.R.S.A. § 207 (West 1989). However, there is no private right of action under the Federal act, *see, e.g., Holloway v. Bristol–Myers Corp.,* 485 F.2d 986 (D.C.Cir. 1973), and the State Attorney General has not promulgated rules or regulations pertaining to this issue. Further, the Legislature indicated that these sources were guides in the interpretation of that section rather than of the act generally. 5 M.R.S.A. § 207 (West 1989).

3. *See* An Act to Amend the Unfair Trade Practice Act to Allow Consumers to Recover Damages, 1991 Me. Laws ch. 536, *codified as* 5 M.R.S.A. § 213 (West Supp.1999).

4. The Massachusetts act then provided that "Any person who purchases ... services or property ... primarily for personal, family or household purposes and thereby suffers any loss of money or property ... as a result of the use or employment by another person of an unfair or deceptive act or practice ... may ... bring an action ... for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper." Mass. Gen. Law. ch. 93A, § 9(1) (quoted in *Dodd,* 365 N.E.2d at 804), *amended by* St.1979, ch. 406, § 1 (current version at Mass. Gen. Laws Ann. ch. 93A, § 9 (West 1999)). Later amendments to the Massachusetts unfair trade practices act—not adopted in Maine—eliminated the limitation on who could recover. *See Maillet v. ATF–Davidson Co.,* 407 Mass. 185, 552 N.E.2d 95, 98–99 & n. 8 (Mass.1990) (holding that a plaintiff who is not a consumer and not in privity with purchaser is entitled to relief). The amended Massachusetts law now provides a cause of action to "[a]ny person other than a person entitled to bring action under section eleven of this chapter [*i.e.,* a business plaintiff], who has been injured...." *Id.* at 98 (quoting Mass. Gen. Laws Ann. ch. 93A, § 9).

The Texas cases upon which the plaintiffs and the Magistrate Judge relied in reaching a contrary conclusion deal with different statutory language. The Texas Deceptive Trade Practice–Consumer Protection Act defines a "consumer" as "an individual ... who ... acquires by purchase or lease, any goods or services." Tex. Bus. & Comm.Code Ann. § 17.45(4) (Vernon Supp.1985), *cited in Kennedy v. Sale*, 689 S.W.2d 890, 892 (Tex.1985). The Texas court has emphasized that the language "acquires by purchase or lease" does not require that the injured person be the one who *made* the purchase, so long as a purchase was consummated for his benefit and he acquired a benefit. *Kennedy*, 689 S.W.2d at 892. Likewise, the Fifth Circuit has written of the Texas statute that "one may acquire goods or services that have been purchased by another for the plaintiff's benefit." *Wellborn v. Sears, Roebuck & Co.*, 970 F.2d 1420, 1426 (5th Cir.1992) (fourteen-year-old son "acquired" the defective garage door opener when mother bought it for his benefit, installed it in the family home and he thereafter used it). The Maine language—"any person who purchases or leases"—cannot be stretched as far.

Because this lawsuit is brought by Mark Hoglund, Jr., not his parents, and because Mark Hoglund, Jr. did not purchase the automobile that allegedly caused his injuries, the defendant's motion to dismiss is GRANTED.[5]

I recognize that the Magistrate Judge concluded that the Law Court "would not construe the UTPA in a manner that would tend to leave minors—a class of persons recognized as among those least able to care for themselves—without a remedy." Recommended Decision at 5–6. In fact, however, Mark Hoglund, Jr. has tort-related remedies for his injuries. The UTPA, on the other hand, created a remedy for someone who was deceived in a purchase he made—initially, restitution, later expanded to actual damages. Mark Hoglund, Jr., the child, is not in that category of a deceived purchaser.[6] (Indeed, the true significance of the issue here appears to be that the UTPA allows recovery of attorney fees whereas tort-related remedies do not.)

For these reasons, the Magistrate Judge's Recommended Decision on Count VII is REJECTED, and Count VII is DISMISSED.

So ORDERED.

---

5. I understand the defendant's objection to the Magistrate Judge's ruling on its Second Affirmative Defense to be limited to the UTPA Count. In light of my ruling, that objection is MOOT.

6. I therefore do not decide whether section 213—as amended to permit recovery of "actual damages"—provides relief for claims seeking recovery for physical injury. To recover, a plaintiff must show "any loss of money or property, real or personal, as a result of the use or employment by another person of [an unfair or deceptive trade practice] ..." 5 M.R.S.A. § 213 (West Supp.1999). *Bartner* stated that damages for personal injury are not available. *See* 405 A.2d at 202–03. The legislative statement of fact indicates that the 1991 amendment "allows consumers who have been injured by an illegal or unfair trade practice to seek from the business reimbursement for their damages." Statement of Fact accompanying An Act to Amend the Unfair Trade Practice Act to Allow Consumers to Recover Damages, L.D. 1546, 115th Me. Leg., 1st Reg. Sess. (1991). Whether the Legislature meant a physical injury is unclear. The text of the statute emphasizes a "loss of money or property." *See also Parker v. Ayre*, 612 A.2d 1283, 1285 (Me.1992).