STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-317

ERIC SAUCIER,

      Plaintiff

v.

THE NEWHEIGHT
GROUP, LLC,

      Defendant

ORDER ON DEFENDANT'S RULE
12(b)(6) MOTION TO DISMISS



STATE OF MAINE
Cumberland ss Clerk's Office

JAN 17 2019 2:08 PM

RECEIVED

Before the Court is defendant's motion to dismiss plaintiff's complaint pursuant to M.R. Civ. P. 12(b)(6). Plaintiff has opposed this motion. For the following reasons, the motion is granted.

I.    Background

In the complaint, plaintiff alleges the following facts, which the court accepts as admitted in considering this motion. See Lalonde v. Cent. Me. Med. Ctr., 2017 ME 22, ¶ 11, 155 A.3d 426. In 2014, plaintiff was a prospective buyer for a residential condominium in Portland. (Compl. ¶ 5.) Plaintiff was interested in a four-story development named 118 on Munjoy Hill (118). (Compl. ¶ 6.) On August 2, 2014, plaintiff met with Stewart Newell, a principal of defendant and a developer of 118. (Compl. ¶ 10.) Plaintiff toured the building and discussed the availability of fourth-floor units with Mr. Newell, who informed plaintiff that only one unit was available. (Compl. ¶¶ 9, 12.)

Mr. Newell informed plaintiff that the roof of the building was a common element, and in order to receive the benefit of exclusive access, plaintiff would be required to purchase the rights to a portion of the roof as an additional limited common element. (Compl. ¶¶ 15-16.) After the

Plaintiff–Emily Howe, Esq. and
Jerrol Crouter, ESq.
Defendant–David Silk, Esq.

meeting, plaintiff reviewed 118's sales and marketing website, which provided that each unit included the rights to one limited common element deck and one limited common element parking space, and that the purchase of addition limited common elements, including rooftop terraces, was optional. (Compl. ¶ 22.) During a second meeting with Mr. Newell on September 7, 2014, plaintiff inquired about the cost of adding the limited common element roof rights to Unit 402. Mr. Newell responded that the cost to add the roof rights would be a "six-figure investment." (Compl. ¶¶ 25, 29.) Plaintiff chose not to purchase Unit 402 due to the uncertainty of what would happen with the roof above the unit if he did not purchase the roof rights, as well as concern about the increased property tax obligation that would be created by adding a roof deck valued at six figures. (Compl. ¶ 31.)

On July 17, 2015, plaintiff purchased a third-floor unit, Unit 304, which was the last remaining unit at 118. (Compl. ¶ 32.) Upon moving into the building, plaintiff discovered each buyer of a fourth-floor unit had constructed a roof deck. (Compl. 33.) Although the roof rights were a component of the fourth-floor units as delivered to the buyers, the final sale price for each fourth-floor unit recorded with the City tax assessor's office was equal to or less than the advertised prices offered to plaintiff. (Compl. ¶ 34.) The value of the roof rights for Unit 402, which were advertised to plaintiff as optional and not included in the listing price, were in fact included in the recorded sale price at no additional cost to the purchaser. (Compl. ¶ 35.)

On July 16, 2018, plaintiff filed his complaint and alleged a violation of the Maine Unfair Trade Practices Act (UTPA), 5 M.R.S.A. §§ 205-A et seq., and negligent misrepresentation. Defendant responded on July 31, 2018 with this motion to dismiss.

## II.    Standard of Review

"'A motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint.'" Seacoast Hangar Condo. II Ass'n v. Martel, 2001 ME 112, ¶ 16, 775 A.2d 1166 (quoting New Orleans Tanker Corp. v. Dep't of Transp., 1999 ME 67, ¶ 3, 728 A.2d 673). When the court reviews a motion to dismiss, "the complaint is examined 'in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.'" Lalonde, 2017 ME 22, ¶ 11, 155 A.3d 426 (quoting Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶ 7, 843 A.2d 43). Allegations in the complaint are taken as admitted, and "dismissal should only occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'" Moody, 2004 ME 20, ¶ 7, 843 A.2d 43 (quoting McAfee v. Cole, 637 A.2d 463, 465 (Me. 1994)).

## III.    Discussion

### A.  Plaintiff is not a purchaser within the meaning of the UTPA.

The UTPA provides for private remedies as follows:

> Any person who purchases ... property, ... primarily for personal, family or household purposes and thereby suffers any loss of money or property, ... as a result of the use or employment by another person of a method, act or practice declared unlawful by [the UTPA] may bring an action ... for actual damages, restitution and for such other equitable relief ... as the court determines to be necessary and proper.

5 M.R.S.A. § 213(1) (1991).  Defendant argues that plaintiff's UTPA claim cannot be maintained because plaintiff did not purchase the property in controversy. See 5 M.R.S.A. § 213(1) (applying to "[a]ny person who purchases ... property"). Plaintiff argues that he satisfies the statutory requirement because he purchased Unit 304 instead of Unit 402.

When interpreting a former version of the Massachusetts Consumer Protection Act,[1] which contained language nearly identical to our UTPA, the Massachusetts Supreme Court noted that plaintiffs must have purchased the property "under which their claims are pressed." Dodd v. Commercial Union Ins. Co., 365 N.E.2d 802, 807 (Mass. 1977); see Hoglund v. Diamlerchrysler Corp., 102 F. Supp. 2d 30, 31 (D. Me. 2000) (Law Court looked repeatedly to the Massachusetts version of the UTPA for guidance) (citing Bartner v. Carter, 405 A.2d 194, 202-03 (Me. 1979)). Similarly, a claim under the UTPA was dismissed because a child allegedly injured in a motor vehicle accident had not "purchased the defendant's product—an automobile—that allegedly caused his injury." Hoglund, 102 F. Supp. 2d at 31.

Plaintiff's purchase of Unit 304 did not cause his alleged loss. He may not create a claim by his voluntary act of purchasing a different unit in the same building, in a separate transaction for which there is no allegation of misleading or unfair conduct. Because plaintiff did not purchase Unit 402, the unit he alleges was misrepresented and the subject of unfair trade practices, he does not have a valid claim under the UTPA.

B.  Plaintiff's alleged damages.

Defendant argues that plaintiff has not suffered damages, that he has suffered speculative damages, or that his claimed damages are not available under a claim for negligent misrepresentation. In count I, the UTPA claim, plaintiff alleges defendant's "misrepresentations and omissions directly caused Mr. Saucier to not purchase Unit 402, thereby suffering a loss of property." (Compl. ¶ 44.) In count II, the negligent misrepresentation claim, plaintiff states that "relying on the false information provided by NHG caused Mr. Saucier to incur a pecuniary loss

---

[1] The Massachusetts Legislature has since amended its statute, Mass. Gen. Law. Ch. 93A, § 9(1), to apply to "any person," rather than "any person who purchases … property." See Maillet v. ATF-Davidson Co., 552 N.E.2d 95, 98-99 (Mass. 1990). The Maine Legislature has not broadened the applicability of the UTPA in this manner.

in the form of lost property." (Compl. ¶ 48.) In his opposition to the motion to dismiss, plaintiff clarifies that the loss he alleges is the loss of the roof rights granted in connection with the sale of Unit 402, the unit he did not purchase. (Pl.'s Opp'n to Def.'s Mot. Dismiss 7-8.)

### 1. UTPA Damages

A plaintiff bringing a UTPA claim must prove damages in the form of "loss of money or property." 5 M.R.S. § 213(1); see Curtis v. Allstate Ins. Co., 2002 ME 9, ¶ 38, 787 A.2d 760. As discussed above, because plaintiff seeks damages allegedly arising from property he did not purchase, his UTPA claim fails. Dodd, 365 N.E.2d at 807.

### 2. Negligent Misrepresentation Damages

Pecuniary loss is an essential element of proof in a negligent misrepresentation claim. Veilleux v. NBC, 8 F. Supp. 2d 23, 31 (D. Me. 1998). "Pecuniary loss consists of any loss of money or loss of something which money could acquire." Id. (internal quotations omitted). To demonstrate pecuniary loss, the plaintiff must have suffered economic, "out-of-pocket" damages as a result of the defendant's misrepresentation. Id. In Veilleux, the plaintiff properly alleged pecuniary loss when he offered evidence that as a result of the defendant's conduct, the plaintiff lost the business of former customers. Id. at 31-32. The plaintiff had quantifiable losses in connection with his lost customers.

In his opposition, plaintiff concludes: "Mr. Saucier would have purchased Unit 402, not 304, and been benefitted by receiving a six-figure interest in property – the limited common element roof rights – at no cost." (Pl.'s Opp'n to Def.'s Mot. Dismiss 7.)[2] He further argues, "Mr. Saucier is out of pocket the six figure value of those roof rights as a direct and proximate result of NHG's misrepresentations." (Pl.'s Opp'n to Def.'s Mot. Dismiss 8.)

[2] These alleged damages may be speculative but the allegations are sufficient to survive a Rule 12(b)(6) motion. See Lalonde, 2107 ME 22, ¶ 11, 155 A.3d 426.

First, as discussed, plaintiff is not out-of-pocket the roof rights because he never purchased unit associated with the roof rights. Second, damages recoverable for negligent misrepresentation do not include an expectancy of pecuniary advantage. See Restatement (Second) of Torts, § 552B(2) & cmt. b (1977).

C. Plaintiff's Request

Plaintiff requests the opportunity to file a more definite statement or an amended complaint if the court determines he has not "plead his damages with the requisite specificity." (Pl.'s Opp'n to Def.'s Mot. Dismiss 8 n.3.); M.R. Civ. P. 12(e); 15(a). These requested revisions and amendments will not remedy the defects in plaintiff's allegations. Because he did not purchase the unit that was the subject of the alleged unfair trade practices and negligent misrepresentations, he is not a purchaser of property under the UTPA. His expected six-figure pecuniary advantage from Unit 402, even if proven, is not recoverable under a claim of negligent misrepresentation.

The entry is

> Defendant's Motion to Dismiss is GRANTED. Plaintiff's Complaint is DISMISSED.
>
> Plaintiff's Motion to File a More Definite Statement or to Amend the Complaint is DENIED.

Dated: January 17, 2019

Nancy Mills
Justice, Maine Superior Court

Entered on the Docket: 1|22|19

6 of 6