STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-23-14

KAREN CHASE,                              )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )      **ORDER ON DEFENDANT'S**
                                          )      **MOTION TO DISMISS**
MAINEHEALTH,                              )
                                          )                    REC'D CUMB CLERKS OF
            Defendant.                    )                    MAY 1 '23 PM12:35

Before the Court is Defendant MaineHealth's Motion to Dismiss Count II of Plaintiff Karen Chase's Complaint. For the reasons set forth herein, the motion is DENIED.

## FACTUAL BACKGROUND

This case arises out of a slip and fall at a Chili's Bar and Grill ("Chili's"). The following facts are drawn from Plaintiff's Complaint and are accepted as true for the purpose of considering Defendant's Motion to Dismiss. On February 8, 2020, Plaintiff slipped on ice and fell backwards in the Chili's parking lot, sustaining serious injuries. (Compl. ¶ 3.) Plaintiff was taken to Maine Medical Center, a hospital operated by MaineHealth, where she received treatment. (Compl. ¶ 4.) She continued to receive treatment at Maine Medical Center, as well as other MaineHealth affiliates, until February 3, 2021. (Compl. ¶ 4.) At some point thereafter, Plaintiff received a bill from Defendant for the medical services provided. (Compl. ¶ 8.) Plaintiff alleges that the bill exceeds the fair and reasonable value of the services rendered. (Compl. ¶ 9.)

Plaintiff's Complaint was docketed on January 11, 2023. Count I seeks declaratory relief. Count II alleges a violation of the Unfair Trade Practices Act ("UTPA"). Defendant filed its Motion to Dismiss Count II of the Complaint on February 15, 2023.

1

## STANDARD OF REVIEW

A motion to dismiss under M.R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims. *Seacoast Hangar Condo. II Ass'n v. Martel*, 2001 ME 112, ¶ 16, 775 A.2d 1166. When the court reviews a motion to dismiss, "the complaint is examined 'in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.'" *Lalonde v. Cent. Me. Med. Ctr.*, 2017 ME 22, ¶ 11, 155 A.3d 426 (quoting *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43). Allegations in the complaint are deemed true for the purposes of deciding a motion to dismiss. *Id.* "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Johanson v. Dunnington*, 2001 ME 169, ¶ 5, 785 A.2d 1244.

## DISCUSSION

Defendant argues that Count II must be dismissed because (1) the UTPA does not apply to it as a non-profit, and (2) Plaintiff has not suffered a loss for which the UTPA provides a remedy. The UTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." 5 M.R.S. § 207 (2023). It creates a private remedy for any person who, when purchasing goods, services, or property, suffers a loss of money or property as a result of unfair trade practices. *Id.* § 213(1). The UTPA is modeled after the Federal Trade Commission Act ("FTC Act"), and "[i]t is the intent of the Legislature that in construing [section 207] the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to Section 45(a)(1)" of the FTC Act. *Id.* § 207(1).

Defendant first argues that the UTPA does not apply to it because it is a non-profit. The Federal Trade Commission (the "Commission") "has long held that some circumstances give it

2

jurisdiction over an entity that seeks no profit for itself." *Cal. Dental Ass'n v. FTC*, 526 U.S. 756, 764 (1999). Whether the FTC has jurisdiction over a particular non-profit is a fact-intensive determination. *See id.* at 767. Similarly, whether a particular action taken by a non-profit falls within "the conduct of trade of commerce" for the purposes of the UTPA is also a factual inquiry. *See Binette v. Dyer Library Ass'n*, 688 A.2d 898, 907 (Me. 1996) (finding that the UTPA did not apply to non-profit library association's sale of a Deering property). Because of the fact-intensive nature of the analysis, determining whether the UTPA applies to MaineHealth's provision of services to Plaintiff would be premature at this time. Defendant's argument is perhaps better suited for summary judgment, once a factual record has been established.

Defendant next argues that Plaintiff has not suffered a loss for which the UTPA provides a remedy. "To recover under the UTPA, a party must demonstrate 'a loss of money or property as a result of a [UTPA] violation.'" *Sweet v. Breivogel*, 2019 ME 18, ¶ 21, 201 A.2d 1215 (quoting *Parker v. Ayre*, 612 A.2d 1283, 1284-85 (Me. 1992)). "The injury suffered must be substantial." *McKinnon v. Honeywell Int'l, Inc.*, 2009 ME 69, ¶ 21, 977 A.2d 420. Defendant argues that because Plaintiff has not alleged that she paid the bill for her medical services, Plaintiff has not suffered any loss for the purposes of the UTPA. Plaintiff's Complaint alleges that "Plaintiff has suffered a financial loss as the result of Defendant's unfair or deceptive practice, which loss constitutes a substantial injury." (Compl. ¶ 24.) Plaintiff's allegations are sufficient to survive the motion to dismiss. *See Doyle v. HSBC Bank Nev., NA*, CV-09-678, 2011 Me. Super. LEXIS 125, at *6 (June 15, 2011).

Accordingly, Defendant's motion to dismiss must be denied.

3

**Entry is:**

Defendant MaineHealth's Motion to Dismiss Count II is Denied. The clerk is directed to incorporate this order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 5/4/23

_____
John O'Neil Jr.
Justice, Maine Superior Court

Entered on the Docket: 05/02/2023

Plaintiff-Christian Lewis, Esq.
Defendant-Thomas Marczak, Esq.

4